UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

        Plaintiff,

 v.

ESTHER HUNTE,

        Defendant.

No. 16-CV-8708 (KMK)

<u>OPINION & ORDER</u>

Appearances:

Stephen J. Vargas, Esq.
Gross Polowy LLC
Westbury, NY
*Counsel for Plaintiff*

Esther Hunte
Newburgh, NY
*Pro Se Defendant*

KENNETH M. KARAS, District Judge:

  Plaintiff Nationstar Mortgage LLC ("Plaintiff") brought this Action seeking to foreclose on a mortgage encumbering 42 Brooker Drive in Newburgh, New York 12550, together with the land, buildings, and other improvements on the property (the "Property"). (*See* Compl. (Dkt. No. 1).) Before the Court is Plaintiff's Motion for Summary Judgment against Defendant Esther Hunte ("Defendant"). (*See* Dkt. No. 16.)[1] For the following reasons, the Motion is granted.

---

[1] Defendant purports to file a Motion To Dismiss the Complaint for lack of standing, (*see* Dkt. No. 22), but in actuality that Motion is simply a component of Defendant's opposition to Plaintiff's Motion for Summary Judgment.

I. Background

    A. Factual Background

    Plaintiff filed a Statement of Material Facts Pursuant to Local Rule 56.1, (*see* Dkt. No. 19), but Defendant did not file a response to that statement. Where a party opposing summary judgment has failed to respond to a Rule 56.1 statement, that statement "will be deemed to be admitted for purposes of the motion." S.D.N.Y. Civ. R. 56.1(c); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). The Court is free, however, to disregard assertions for which "there are no citations or where the cited materials do not support the factual assertions." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (alteration and internal quotation marks omitted). Plaintiff has not included any citations in its Rule 56.1 statement, and thus the Court may not deem those facts unopposed for the purposes of this Motion. Instead, as Plaintiff has failed to follow the procedures for drafting a Rule 56.1 statement, the Court will have to conduct its own review of the record.

    On October 28, 2005, Defendant executed a promissory note in the amount of $337,840.00. (*See* Aff'n of Regularity Ex. C ("Certificate of Merit"), at unnumbered 3–6. (Dkt. No. 17).) The note is endorsed in blank, (*see* Aff'n of Regularity Ex. A ("Robertson Aff.") ¶ 2; Certificate of Merit, at unnumbered 3–6), and Plaintiff "received the original Note on 09/11/2013," and "continues to hold the original Note." (Robertson Aff. ¶¶ 2, 4.) That same day, Defendant executed and delivered a mortgage on the Property in order to secure the promissory note. (*See* Certificate of Merit, at unnumbered 14–37.) The mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. as the nominee for Lehman Brothers Bank, FSB. (*See id.*) The mortgage was later assigned to Aurora Loan

Services on November 2, 2010, (*see id.* at unnumbered 40), and then reassigned to Plaintiff on June 21, 2012, (*see id.* at unnumbered 42). The mortgage was subsequently modified by a Loan Modification Agreement that became effective on May 1, 2015. (*See id.* at unnumbered 43–50.)

Defendant has not made payments on the note since March 1, 2016. (*See* Robertson Aff. ¶ 5.) Plaintiff affirms that on or about July 7, 2016, a 90-day pre-foreclosure notice was sent via regular and certified mail to Defendant at the Property. (*See id.* ¶ 8; *see also* Aff'n of Regularity Ex. F.) Pursuant to New York Real Property Actions and Proceedings Law § 1306, Plaintiff filed notice of the pre-foreclosure notice with the Superintendent of Financial Services within 3 days of mailing the notice to Defendant. (*See* Aff'n of Regularity ¶ 5; Robertson Aff. ¶ 8.) On or about July 7, 2016, pursuant to the terms of the mortgage, a notice of default was mailed to Defendant, (*see* Robertson Aff. ¶ 7; *see also* Aff'n of Regularity Ex. E), but unlike the 90-day pre-foreclosure notice, Plaintiff has not included any certified mailing receipt with respect to the notice of default. Despite these notices, Defendant has failed to cure the default. (*See* Robertson Aff. ¶ 9.)

According to Plaintiff, the total amount due—inclusive of taxes, interest, and fees—is $484,591.51. (*See* Robertson Aff. ¶ 5.)

B. Procedural History

Plaintiff filed the Complaint, annexing the Certificate of Merit, on November 9, 2016. (*See* Compl.) Plaintiff thereafter filed a Notice of Pendency of Action on November 15, 2016. (*See* Dkt. No. 6.) Plaintiff served Defendant with the Summons and Complaint on November 23, 2016. (*See* Dkt. No. 7.) Although the docket entry indicated that Defendant's Answer was due on January 22, 2017, the Answer was, in reality, due on December 14, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). On December 16, 2016, after Defendant did not file an Answer, Plaintiff requested

that the Clerk of Court issue a certificate of default. (*See* Dkt. No. 8.) The Clerk of Court issued the certificate the same day. (*See* Dkt. No. 9.)

On December 30, 2016, Defendant, proceeding pro se, filed her Answer. (*See* Answer (Dkt. No. 10).) The attached affidavit indicated that it was served on Plaintiff on December 29, 2016. (*See id.*) On January 10, 2017, Plaintiff filed a "Notice of Return and Rejection of Answer," wherein it asserted that because the Answer was not timely, it was rejecting and returning the Answer. (*See* Dkt. No. 11.) Plaintiff added that, "[a]s a courtesy," it would treat the Answer as a "limited notice of appearance" and send Defendant a copy of the documents appended to the Complaint. (*Id.*) In response, Defendant filed a Motion for an extension of the time to Answer on January 19, 2017. (*See* Dkt. No. 12.) In light of Defendant's pro se status and the misleading docket entry, the Court granted Defendant's Motion nunc pro tunc and deemed timely her Answer filed on December 30, 2016. (*See* Order (Dkt. No. 13).)

On March 21, 2017, Plaintiff requested leave to file a motion for summary judgment. (*See* Letter from Stephen J. Vargas, Esq. to Court (March 21, 2017) (Dkt. No. 14).) The Court granted Plaintiff's request and issued a briefing schedule. (*See* Mot. Scheduling Order (Dkt. No. 15).) Plaintiff thereafter filed its Motion for Summary Judgment and accompanying papers on April 27, 2017. (*See* Dkt. Nos. 16–21.) Defendant filed her opposition to the Motion on May 25, 2017, (*see* Dkt. Nos. 22–23), and Plaintiff filed its Reply on June 14, 2017, (*see* Dkt. No. 24).

## II. Discussion

### A. Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir.

2014) (same). "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland Cty. Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same). "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 521 (S.D.N.Y. 2015) (same).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and internal quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other

evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (internal quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (internal quotation marks omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

When ruling on a motion for summary judgment, a district court should consider "only evidence that would be admissible at trial." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (internal quotation marks omitted)).

B. Analysis

A plaintiff mortgagee in a foreclosure action establishes a prima facie case "by presenting a note, a mortgage, and proof of default." *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-CV-5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011) ("Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the [c]ourt along with proof that the mortgagor has failed to make payments due under the note."), *aff'd*, 504 F. App'x 30 (2d Cir. 2012). After establishing a prima facie case, the plaintiff has a presumptive right to foreclose, "which can only be overcome by an affirmative showing by the mortgagor" that there is a triable issue of fact with respect to the merits of any defenses or counterclaims. *Squadron*, 2011 WL 4582484, at *4; *see also Builders Bank v. Beach 116-23 LLC*, No. 09-CV-2220, 2011 WL 2672567, at *5 (E.D.N.Y. Apr. 15, 2011) (holding that where the defendants had not "contest[ed] the facts" giving rise to a prima facie case, the plaintiff "therefore ha[d] a presumptive right to collect which could only be overcome by an affirmative showing from the defendants" (alterations and internal quotation marks omitted)), *adopted by* 2011 WL 2680327 (E.D.N.Y. July 8, 2011).

1. Prima Facie Case

There is no dispute that Plaintiff has established a prima facie case. Plaintiff has produced the note and mortgage, (*see* Certificate of Merit, at unnumbered 3–37), and has offered an affidavit indicating that Defendant has been in default of her loan obligations since March 1, 2016, (*see* Robertson Aff. ¶ 5). Defendant has not offered an affidavit or other evidence to refute this, and has not disputed that Plaintiff has produced adequate evidence of default. (*See* Decl. in

Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Opp'n") at unnumbered 1–3 (Dkt. No. 23).) Plaintiff has therefore established a prima facie case and is presumptively entitled to foreclosure.

2. Standing

Defendant argues that the Motion should be denied because Plaintiff lacks standing because Plaintiff's statement that, "the note was delivered to Nation[s]tar," is ambiguous as to whether or not Plaintiff was actually "in possession of the note at the time the action was commenced." (*See id.* at unnumbered 1.) However, this defense is without merit and has no basis in the evidentiary record before the Court.

A plaintiff seeking foreclosure on a mortgage has standing "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *Assets Recovery Ctr. Investments, LLC v. Smith*, No. 13-CV-253, 2014 WL 3525011, at *5 (E.D.N.Y. Mar. 12, 2014) (internal quotation marks omitted), *adopted by* 2014 WL 3528460 (E.D.N.Y. July 15, 2014). "Notably, either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Onewest Bank, N.A. v. Guerrero*, No. 14-CV-3754, 2016 WL 3453457, at *3 (S.D.N.Y. June 17, 2016) (alterations and internal quotation marks omitted); *see also CIT Bank, N.A. v. Escobar*, No. 16-CV-3722, 2017 WL 3614456, at *7 (E.D.N.Y. June 16, 2017) ("[T]he holder is a person who is in possession of an instrument issued or indorsed to him." (alterations and internal quotation marks omitted)), *adopted by* 2017 WL 3634604 (E.D.N.Y. Aug. 18, 2017).

In addition to attaching a clear chain of assignment linking Plaintiff to the originator of the mortgage, Plaintiff has also shown that prior to the commencement of this litigation it took

8

physical possession of the original note on September 11, 2013 and has maintained possession throughout the prosecution of this action. (*See* Robertson Aff. ¶¶ 2–4; Certificate of Merit, at unnumbered 40–50.) The submission of the assignments, accompanied by sworn affidavit regarding delivery and possession of the note, is on its own sufficient to "establish[] that [Plaintiff] had physical possession of the note prior to commencement of this action." *One West Bank, N.A. v. Melina*, No. 14-CV-5290, 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015), *aff'd*, 827 F.3d 214 (2d Cir. 2016). "Moreover, Plaintiff has demonstrated standing by annexing and affixing a copy of the Note to its Certificate of Merit which was filed at the commencement of the action." *CIT Bank, N.A.*, 2017 WL 3614456, at *7. Accordingly, Plaintiff has demonstrated that it has standing to commence this Action and proceed with the foreclosure.

### 3. Refusal to Modify

Defendant asserts that Plaintiff exercised "bad faith" in failing to offer Defendant a loan modification. Specifically, Defendant argues that Plaintiff acted in bad faith because it had "promised a modification of the terms and has been negligent in properly modifying the loan." (Def.'s Opp'n, at unnumbered 2.) This argument similarly has no merit.

Under New York law, Plaintiff "was under no obligation to modify the terms of [Defendant's] mortgage." *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 533 (E.D.N.Y. 2015); *see also Miller v. HSBC Bank U.S.A., N.A.*, No. 13-CV-7500, 2015 WL 585589, at *3 (S.D.N.Y. Feb. 11, 2015) (collecting cases). Defendant argues that Plaintiff "promised" the loan modification, an application for which she claims was sent to Plaintiff on December 27, 2016. (Def.'s Opp'n, at unnumbered 2.) Moreover, Defendant claims that there "had been ongoing communication on this modification between [the Parties]." (*Id.*) Yet, Defendant has not provided a copy of such an application and there is generally no evidence in

9

the record, outside of Defendant's conclusory statements in her opposition that such an application exists. In any event, if such an application does exist and has been reviewed by Plaintiff, that by itself is irrelevant. "[E]ngaging in discussions about possible modifications of a loan agreement or modifying the terms in the past does not constitute a course of dealing requiring the lender to provide an offer on better terms sought by the borrower." *Eastern Savings Bank v. Aufiero*, No. 14-CV-0256, 2016 WL 1056998, at *8 (E.D.N.Y. Mar. 14, 2016). Unlike the prior loan modification, effective May 1, 2015, here there appears to be no binding loan modification agreement, nor has Defendant presented any evidence of an obligation on the part of Plaintiff to provide her with such a modification. Thus, the claim of "bad faith" based upon any failure to modify fails.[2]

---

[2] Defendant's argument that Plaintiff has violated Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41, by failing to review the modification application similarly fails. Defendant proffers no information identifying any loan modification application besides the date of such an application, and does not allege nonconclusory facts demonstrating any breach of the requirements of the regulation. (*See* Def.'s Opp'n, at unnumbered 2–3.) Accordingly, Defendant has failed to show any dispute of fact that would render the foreclosure invalid.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted. The Court will not consider Defendant's request for sanctions, as Plaintiff's Motion was clearly not "fraudulent" or brought in bad faith as is alleged by Defendant. (Def.'s Opp'n, at unnumbered 3.) The Clerk of Court is respectfully directed to terminate the pending Motions, (*see* Dkt. Nos. 16, 22), enter judgment for Plaintiff, and close this case.

SO ORDERED.

DATED: March 5, 2018
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE