UNITED STATES DISTRICT COURT  
SUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

NATIONSTAR MORTGAGE LLC, )
        Plaintiff, )
)
                                        ) No. 16-CV-8708
v. ) MOTION TO STAY JUDGEMENT
ESTHER HUNTE, ) PENDING APPEAL
        Defendant. )
)

Comes now Esther Hunte, Defendant in the above-captioned cause, and respectfully moves that this Court grant a Stay of this Court's Order dated June 6, 2022, pending appellate review of that Order. As explained in more detail in the accompanying Memorandum of Authorities, a Stay is appropriate because **(i)** Defendant's appeal will present serious legal questions; and **(ii)** absent a stay Defendant will suffer irreparable injury.

    In the alternative, in the event the Court denies this Motion, Defendant respectfully requests that the date of compliance with the Court's June 6, 2022 Order be extended to allow Defendant to present her Stay request to the Court of Appeals and still have time to comply with the June 6, 2022 Order, if necessary. Defendant therefore respectfully requests an extension of the June 20, 2022 deadline to a date two weeks past the later of **(a)** the date of any order of this Court denying Defendant's Motion for a Stay of this Court's June 6, 2022 Order; or **(b)** the date of any order of the Court of Appeals denying any Motion for a Stay of this Court's June 6, 2022 Order.

1

Respectfully submitted,

June 19, 2022

*Esther Hunte*

Signature

Esther Hunte

42 Brooker Drive

Newburgh, New York 12550

Sworn before me on this

1ST Day of Aug , 2022

_____
Notary Public

HAZEEZ O. ADEBAYO.
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AD6066967
Qualified in Bronx County
Commission Expires November 26, 2025

~~Application is~~

Plaintiff is to respond to this application by 8/8/22.

So Ordered.

KMK

8/3/22

UNITED STATES DISTRICT COURT

SUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, ) | |
| Plaintiff, ) | |
| ) | No. 16-CV-8708 |
| v. ) | |
| ESTHER HUNTE, ) | |
| Defendant. ) | |
| ) | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY THE COURT'S JUNE 6, 2022 ORDER PENDING APPEAL AND MOTION FOR AN IMMEDIATE STAY

1. The Defendant's memorandum in support of their Motion to Stay Foreclosure and Judgement Order of June 6, 2022, pending determination of their Federal Appeal for violations of the Federal Truth-in-Lending Act, The Federal Real Estate Settlement Procedures Act, and violation of Regulation X and RESPA and intentional infliction of Emotional distress a protection provided for under the Law,

2. Plaintiff's request for damages and supporting documents does not reflect accurate figures starting with the principal balance. The question was

2

raised in a conference held on May 20, 2022 but simply overlooked by the Court.

3. I am in support of the Motion to Stay the Judgement and Order of June 1, 2020 and June 6, 2022, pending the decision of my Appeal so that the status quo is maintained and to preserve the effectiveness of the Appellate Court's ultimate decision. Without the Stay, I will suffer irreparable injury.

4. The Dodd and Frank Act of 2014 promulgated the prohibition against "dual tracking" the loan modification/loss mitigation program and foreclosure process at the same time. It is contained in the provisions of Regulation X and Section 6(f) of the Real Estate Settlement Procedures Act (RESPA), (12 U.S.C. 2605 (f)). 12 C.R.F. § 1024.41 (a). Section 6(f) of RESPA provides that monetary damages and cost are available for RESPA violations. 12 U.S.C. § 2605(f)(1)-(4). The prohibition on dual tracking is contained in 12 C.F.R. §1024.41(g), which states in relevant part that if a borrower submits a complete loss mitigation application after the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a

servicer shall not move for foreclosure judgement or sale or conduct a foreclosure sale.

5. The Plaintiff is in violation of the Dodd-Frank Act, the Truth in Lending Act and the Federal Protection Act, Negligence, and Intentional inflection of Emotional distress.

6. Notwithstanding the fact that in the initial Answer, Document 10, the defendant stated as an affirmative defense that "Servicer has promised a modification of the terms and has been negligent in properly modifying the loan." This statement in the answer substantiates the fact that the defendant had intended to avoid all doubt and to ensure that there is **no** waiver of the right to have the Dual Tracking issue litigated in this case once it was established in the case.

7. The Defendant had mentioned she would like to take leave to renew her opposition to plaintiff's motion filed on July 21, 2020 in light of the Court's decision on September 23, 2021 determining that the loan modification agreement was invalid. See Document #54-56. However, during the conference of May 20, 2022 the Court did not grant or deny the

4

Defendant's intention to take leave but simply stated that they were not sure what happened to the Motion.

8. I would like to take notice that the current case has overlooker the fact that Dual Tracking exist in this matter and the defendant's rights under the Law may have been overlooked by the Court on a prior motion as required by Civil Practice Law and Rules 2221(d). This current motion before the court is based on new facts, the existence of Dual Tracking, which would alter the damages owed to both the defendant and the plaintiff. Therefore, a Stay of the case would be appropriate until it can be determined in the Appellate Court.

9. The Plaintiff has established bad faith under HAMP guidelines pursuant to CPLR 3408, which governs mandatory settlement conferences by bringing this case to court knowing full well that the Plaintiff was negligent in its duty by being defiant of the State of New York County of Orange Settlement Conference's ordered, case Index No: 0473/2011, to modify the Loan on or around March, 2015. The Defendant had complied with the Court's and the Plaintiff requests to submit all modification documentation. Once the Court had agreed that all requirements were met, the Plaintiff

agreed that a modification of the loan would be executed. Unfortunately, the Plaintiff had created conditions that would force the defendant into the current predicament by not executing a modification as agreed but instead went to Federal court and started foreclosure proceedings. The Plaintiff fraudulently manipulated Loan Modification documents in conjunction with other deficient paperwork and presented them to the Court as an executed contract. It was later discovered in a conference held on October28, 2021 that the modification was never executed, and the Plaintiff had perpetrated a fraud upon the Court.

WHEREFORE, it is respectfully prayed that the court:

1. Stay this case until the decision of my Appeal so that the status quo is maintained and to preserve the effectiveness of the Appellate Court's ultimate decision.
2. For such other and further relief the court deems just and proper

6

June 19, 2022

*Esther Hunte*
_____

Signature

Esther Hunte

42 Brooker Drive

Newburgh, New York 12550