UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

                Plaintiff,

           -v-

ESTHER HUNTE,

                Defendant.

No. 16-CV-8708 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Nationstar Mortgage LLC ("Plaintiff") brought this Action against Esther Hunte ("Defendant") on November 9, 2016 to foreclose a mortgage encumbering 42 Brooker Drive, Newburgh, New York, together with the land, buildings, and other improvements on it (the "Property"). (*See generally* Compl. (Dkt. No. 1).) Before the Court is Defendant's Motion to Stay Judgment Pending Appeal. (*See* Mot. to Stay (Dkt. No. 105).) For the reasons stated below, Defendant's Motion is denied.

    The Court assumes the Parties' familiarity with the facts and law, but will reiterate the procedural history of this case as relevant to the instant Motion. On June 1, 2020, this Court granted in part and denied in part Plaintiff's Second Motion for Summary Judgment, ruling that Plaintiff had established a prima facie case for foreclosure, but declining to enter judgment against Defendant due to an outstanding issue concerning the enforceability of a June 2015 Loan Modification Agreement (the "Agreement"). (*See* June Op. (Dkt. No. 47).) The Court requested additional briefing regarding (1) the validity of a loan modification—which Defendant contested—and (2) damages if Plaintiff were entitled to summary judgment on the original loan rather than on the loan modification. (*Id.* at 16.) On September 22, 2020, after further briefing,

the Court ruled that, while Plaintiff was entitled to a judgment of foreclosure, it was unclear (1) "whether this judgment should be entered on the original mortgage and note, or on the modification agreement" and (2) "whether and how this determination will affect the amount of damages to which Plaintiff is entitled." (Sept. Order 8 (Dkt. No. 61).) The Court again invited Plaintiff to make further submissions regarding these two issues. (*Id.*) After several status reports and attempts to reconcile this issue, the Court scheduled a hearing held on September 23, 2021. (*See* Dkt. (minute entry for Sept. 23, 2021).) At the hearing, the Court found that Plaintiff, again, failed to meet its burden to demonstrate that the Agreement was valid and enforceable, and declined, again, to enter judgment in favor of Plaintiff. (*See id.*)

On December 14, 2021, Plaintiff sought to file a motion for damages, (*see* Dkt. No. 79), which Plaintiff later filed with leave of the Court as a Motion for Judgment of Foreclosure and Sale on February 21, 2022, (*see* Not. of Mot. (Dkt. No. 83)). Defendant responded on April 1, 2022 via a two-page affidavit in which Defendant's attorney stated that Plaintiff's Motion should be denied because "the Court's finding that the loan modification was invalid raises issues as to whether Plaintiff engaged in dual tracking." (Aff. in Opp'n to Mot. ("Rosenbaum Aff.") (Dkt. No. 89).) Defendant's attorney also informed the Court that Defendant intended to write to the Court to request leave to seek certain relief. (Id. ¶ 5.) Defendant filed no such request for leave to seek certain relief, (*see* Dkt.), but on March 15, 2022, Defendant did file a separate lawsuit pro se against a different entity, Rushmore Loan Management Services, in which she brought— among other claims—a dual tracking claim concerning the same mortgage and property and seeks $25 million. (*See* Am. Compl. (Dkt. No. 4, Case No. 22-CV-2169).) The Court held a hearing on June 1, 2022 regarding the Motion for Judgment of Foreclosure and Sale, granting

2

Plaintiff's Motion in full in a judgment filed on June 6, 2022. (*See* Dkt. (minute entry for June 1, 2022); Judg. ("June 6 Judgment") (Dkt. No. 98).)

In the instant Motion, Defendant argues that a stay of the June 6 Judgment is appropriate because "Defendant's appeal will present serious legal questions" and "absent a stay[,] Defendant will suffer irreparable injury." (Mot. to Stay 1.) For a party to prevail on a stay pending an appeal, the Court must consider the following four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d. Cir. 2007) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Defendant has not "made a strong showing" that she is likely to succeed on the merits of this appeal. Defendant's argument about the merits of her appeal appears to stem primarily from her "dual-tracking" argument raised for the first time prior to the proposed motion for damages. (*See* Mot. to Stay 4–7.) In arguing for a stay from this Court, Defendant argues that Plaintiff is in violation of the Dodd-Frank Act which, through regulations governing the Consumer Financial Protection Bureau ("CFPB"), prohibits a mortgage loan servicer from commencing a foreclosure proceeding or conducting a foreclosure sale if the borrower has submitted a "complete loss mitigation application" within specified time frames. (*Id.*) *See also Almazon v. JPMorgan Chase Bank N.A.*, No. 19-CV-4871, 2020 WL 1151313, at *14 (S.D.N.Y. Mar. 9, 2020); 12 C.F.R. §§ 1024.41(f)-(g). However, despite no formal application to the Court from Defendant raising this claim pursuant to the Real Estate Settlement Procedures Act ("RESPA"), this Court has repeatedly reiterated that "a dual tracking claim brought pursuant to [12 C.F.R. §

3

1024.41(f)-(g)] is not a defense to foreclosure." *Almazon*, 2020 WL 1151313, at *15 (collecting cases). (*See also* Sept. Order 6 n.7; Hr'g Tr. 22 (June 1, 2022 Hr'g) (Dkt. No. 113).)[1]

Defendant also argues that "Plaintiff's request for damages and supporting documents does not reflect accurate figures starting with the principal balance." (Mot. to Stay 3–4.) While Defendant is unclear as to the relevance of this argument, the Court construes this argument to be a reference to an exchange between the Court, Defendant's counsel, and Defendant's husband, Jonathan Hunte ("Mr. Hunte") at the June hearing. At the hearing, Mr. Hunte sought leave to address his counsel, seemingly disputing the damages amount under the original loan documents. (Hr'g. Tr. 13–15.) In Defendant's stay application, Defendant reiterates Mr. Hunte's argument almost verbatim, stating:

> Notwithstanding the fact that in the initial Answer, Document 10, the [D]efendant stated as an affirmative defense that 'Servicer has promised a modification of the terms and has been negligent in properly modifying the loan.' This statement in the answer substantiates the fact that the [D]efendant had intended to avoid all doubt and to ensure that there is no waiver of the right to have the Dual Tracking issue litigated in this case one it was established in this case.

---

[1] Defendant also alleges that that she "had mentioned she would like to take leave to renew her opposition to [P]laintiff's motion [for damages] in light of the Court's decision . . . determining that the loan modification agreement was invalid." (Mot. for Stay 5.) As the Court did not hold a conference in this Action on May 20, 2022 as alleged by Defendant, construed liberally, Defendant appears to be referencing the Court's discussion of "a request to seek leave for certain relief that was never followed up on" at the June hearing. (*See* Hr'g Tr. 18.) Defendant is correct that the Court did not formally grant or deny the request. However, the Court found for Plaintiff on alternate grounds that Defendant does not dispute, as discussed further in this Order.

Moreover, Defendant appears to reference state court actions before the Second Department of the New York Supreme Court, Appellate Division. (*See* Mot. for Stay 8–9.) The Court will not spill significant ink on an issue discussed in depth in two prior opinions. (*See* June Op. 13; Sept. Order 2 n.2.) This state court case was settled on May 22, 2015 due to a loan modification, and later motions to reconsider were denied almost four years ago. (*See* Sept. Order 2 n.2.) Nothing has been filed in that case since. *See Aurora Loan Services LLC v. Esther Hunte, et al.*, No. 000473/2011, available at https://iapps.courts.state.ny.us/webcivil/FCASMain (last visited Sept. 16, 2020) (Index No. 000473/2011). For reasons previously stated, the Court declines to weigh into Defendant's unclear and unavailing arguments related to the state court case.

(Mot. for Stay 6.)  At the time, the Court confirmed with Mr. Hunte that he, contrary to briefing put forth by Defendant's counsel at the time, was then disputing the damages calculation, conceivably because damages may have been more favorable to Defendant under the loan modification agreement.  (Hr'g. Tr 14.)  However, in granting Plaintiff's Motion at the June hearing, the Court reiterated that while Defendant had "disputed the validity of the . . . loan modification agreement," the Court's ruling on damages related to the "original promissory note, the validity of which [D]efendant does not and has not challenged."  (Hr'g Tr. 19.)  In arguing for likelihood of success on the merits, Defendant is essentially asking this Court to suspend the ruling in Defendant's favor—found only after persuasive and persistent argument by Defendant's counsel—that the loan modification was invalid to reap the benefits of a lower damages calculation under the modification.  It is well-settled under principles of judicial estoppel that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [she] may not thereafter, simply because [her] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by [her]."  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

To the remaining factors, Defendant proffers no explanation for her statement that "[w]ithout the stay, [she] will suffer irreparable injury."  (Mot. to Stay 4.)  Taken charitably, the Court assumes that the irreparable harm stems from the loss of Defendant's house in the foreclosure sale.  However, the Court must treat the four factors in this inquiry as a "sliding scale" where "the probability of success is inversely proportional to the amount of irreparable harm [a party] will suffer absent the stay."  *Thapa v. Gonzales*, 460 F.3d 323, 334–35 (2d Cir. 2006) (discussing weighing of stay factors); *see also Barretta v. Wells Fargo Bank, N.A.*, 693 Fed. Appx. 26, 28 (2d Cir. 2017) (summary order) (applying *Thapa* to a stay on foreclosure

proceedings). Moreover, the third and fourth factors both weigh against Defendant. Plaintiff has not been able to foreclose on the Property since at least this Court's decision in June 2020 establishing Plaintiff's prima facie right to foreclosure. Moreover, Plaintiff established before this Court at the damages hearing that it has advanced over $100,000 in escrow. *See* Decl. in Supp. of Mot. Ex. G ("Younger Aff.") ¶ 8 (Dkt. No. 85-7).) Finally, to the fourth factor, the public interest favors finality of a case pending for over six years.

In light of the balancing of these four factors, this Court denies Defendant's Motion to Stay Judgment Pending Appeal. The Court also declines to impose Defendant's alternative requests, for the same reasons outlined in this Order.

The Clerk is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 105), and to mail a copy of this Order to Defendant at the address listed on the docket.

SO ORDERED.

DATED:   November 23, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE